UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN JOHN CRAIG,<br><br>        Petitioner,<br><br>    v.<br><br>JOHN DAGOSTINI,<br><br>        Respondent. | No. 2:21-cv-1226 TLN KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

      Petitioner, a county prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner paid the filing fee. As discussed below, the petition should be dismissed without prejudice.

Governing Standards

      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id.

The Petition

      Petitioner alleges the following. In ground one, unidentified parties are circumventing U.S. Mail, legal mail, confidential privileges, and violating Title 15 standards and U.S. Postal Service regulations. (ECF No. 1 at 3.) In ground two, certain correctional officers hold petitioner incommunicado, and deny petitioner his one hour out of cell time, which denies him showers,

phone calls, and contact with other inmates.  Further, he alleges that his competency evaluation by Judge Ralphs has resulted in petitioner's placement in ad seg disciplinary housing which requires yellow clothing instead of orange, which petitioner contends is institutionalized discrimination.  (ECF No. 1 at 4.)

Federal Habeas Corpus vs. Civil Rights

As a general rule, a claim that challenges the fact or duration of a prisoner's confinement should be addressed by filing a habeas corpus petition, while a claim that challenges the conditions of confinement should be addressed by filing a civil rights action.  Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam).  Prisoners cannot obtain release from prison by filing a § 1983 action.  On the other hand, prisoners cannot obtain injunctive relief or damages based on conditions of confinement claims by filing a habeas petition.

Discussion

A federal petition for habeas corpus under 28 U.S.C. § 2254 involves an attack on a prisoner's conviction for which he is being held in custody, and petitioner must seek release from his conviction because of a violation of the Constitution of the United States, or in the rare case, a federal law, which applies to the state proceedings.  While the court may address ancillary matters to the petition, it is necessary that petitioner provide the basis for habeas jurisdiction in his petition.

Here, petitioner's claims are more appropriately raised in a civil rights complaint under 42 U.S.C. § 1983 because such claims implicate petitioner's current conditions of confinement rather than challenging his underlying criminal conviction.

In some circumstances, a district court may convert an improperly filed habeas petition into a civil rights complaint.  See Nettles v. Grounds, 830 F.3d 922, 935-36 (9th Cir. 2016) (en banc).  "If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may re-characterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint."  Id. at 936 (quoting Glaus v. Anderson, 408 F.3d 382 (7th Cir. 2005)).

Here, petitioner has not named the appropriate parties responsible for the claims raised in the instant petition. Petitioner names only El Dorado County and its sheriff as respondent, and there is no indication that either was involved in the factual allegations pled. Fed. R. Civ. P. 10.

Second, if petitioner chooses to proceed with a civil rights action, he will be required to pay the court's $350.00 filing fee, even if granted leave to proceed in forma pauperis, although he would be allowed to pay it in installments. See 28 U.S.C. §§ 1914(a), 1915(a). Moreover, if a prisoner files a civil rights complaint that is later dismissed as frivolous or for failure to state a cognizable civil rights claim, the prisoner sustains a strike under 28 U.S.C. § 1915(g). Once a prisoner sustains three strikes under § 1915, the prisoner may be barred from bringing future civil rights actions unless the prisoner meets a narrow exception under § 1915(g).

Finally, under the Prison Litigation Reform Act ("PLRA"), petitioner cannot pursue a claim in this court that he has not exhausted through an inmate appeal procedure that is available at his place of incarceration. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Although exhaustion is not required "when circumstances render administrative remedies 'effectively unavailable,'" Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010) (citation omitted), the Ninth Circuit requires "a good-faith effort on the part of inmates to exhaust a prison's administrative remedies as a prerequisite to finding remedies effectively unavailable," Albino v. Baca, 697 F.3d 1023, 1035 (9th Cir. 2012). The exhaustion requirement accords prisoners the possibility of obtaining more immediate and effective relief. The requirement provides an opportunity for correctional officials to address complaints internally, thereby deterring frivolous lawsuits and creating an administrative record should the matter later proceed to court. See Porter v. Nussle, 534 U.S. 516, 525 (2002). "The primary purpose of a grievance . . . is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).

For all of the above reasons, it is not appropriate to convert this action to a civil rights action.

<u>Leave to Amend</u>

    The undersigned has considered whether to recommend granting petitioner leave to amend. However, because it is inappropriate to convert this action to a civil rights action, the undersigned declines to grant petitioner leave to file an amended civil rights complaint in this action.

    Accordingly, IT IS HEREBY ORDERED that the October 8, 2021 findings and recommendations (ECF No. 9) are vacated; and

    Further, IT IS RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed without prejudice.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 4, 2021

/crai1226.56

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE